IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:17-CR-228 (FJS) |
| | ) |
| v. | ) |
| | ) |
| **CHARLES TAN,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

### PRELIMINARY ORDER OF FORFEITURE FOR SPECIFIC PROPERTY

WHEREAS, on June 22, 2018, Charles Tan ("the defendant") pled guilty to Counts One, Two and Three in Superseding Indictment 17-CR-228, for which the government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and

WHEREAS, the defendant consented in his oral plea to the forfeiture of all right, title, and interest in the specific property listed in the Superseding Indictment, set forth below as:

(a) all firearms and ammunition involved in the knowing commission of the offenses, including, but not limited to:

    1) A Remington, Model 870, 12 Gauge Shotgun, with serial number RS50700V.

IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The defendant shall forfeit to the United States all right, title and interest in the following specific property:

    a. A Remington, Model 870, 12 Gauge Shotgun, with serial number RS50700V.

2. Upon the entry of this Order, the United States Attorney General, or his designated representative, is authorized to seize the property set forth above which is subject to forfeiture, and

to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g).

    3.    Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

    4.    The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General, or his representative, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

    5.    The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the specific property set forth above in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of this property to the United States. Furthermore, the defendant shall take whatever steps necessary to ensure that clear title to the property passes to the United States, including the execution of any and all documents needed to effectuate the surrender and forfeiture of this property to the United States. If any third-party files a claim to the property, the defendant will assist the government in defending such claims. If the property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the missing property, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

    6.    The defendant entered an oral plea in this case in which he knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In

addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Any person, other than the defendant, asserting a legal interest in any of the subject property may, no later than sixty (60) days after the first day of publication on the official government internet website, www.forfeiture.gov, or no later than thirty (30) days after receipt of direct notice, if any, under Rule G(4)(a), whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her claimed interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Any petition filed by a third-party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period

provided in Fed. R. Crim. P. 32.2(c)(1) incorporating 21 U.S.C. § 853(n), for the filing of third-party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing, or, where a written Plea Agreement has been entered, any time after the issuance of this Preliminary Order of Forfeiture.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order of Forfeiture shall be made part of the defendant's sentence and included in the judgment.

13. The forfeiture of the property set forth above shall not be considered the payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward an electronically certified copy of this Order to Assistant United States Attorney, Tamara B. Thomson, United States Attorney's Office, Northern District of New York, Federal Building and U.S. Courthouse, 100 South Clinton Street, Syracuse, New York 13261.

Date: August 16, 2018

Hon. Frederick J. Scullin, Jr.
Senior United States District Judge